MEMORANDUM *
Relator Michael Perry appeals from the *705 district court’s order dismissing relator’s second amended complaint with prejudice. The district court ruled that Perry’s claims failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Relator generally alleges that defendants violated the False Claims Act, 31 U.S.C. § 3729, because, among other things, they knowingly and intentionally submitted bills to Oregon for work and materials that did not meet state quality assurance standards, causing Oregon to submit false claims to the federal government for reimbursement of federal highway apportionment funds. Relator’s complaint, however, fails to allege with sufficient particularity the “who, what, when, where and how” of any alleged incident of fraud. See, e.g., United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1054-55 (9th Cir.2011) (False Claims Act complaint must satisfy Federal Rules of Civil Procedure 8(a) and 9(b)); Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.) (False Claims Act complaint must satisfy the heightened plausibility standard of Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)), cert. denied, — U.S. -, 131 S.Ct. 801, 178 L.Ed.2d 546 (2010). Because we find that the relator has failed to meet the burden of 9(b), we do not need to address if his factual allegations are plausible under 8(a).
Additionally, the district court did not abuse its discretion in dismissing relator’s complaint with prejudice. The district court had previously granted relator leave to amend after specifying the deficiencies of the first amended complaint and identifying what relator would have to include in any amendment. In light of relator’s failure to cure and his concession that he lacked the information to do so, any further amendments would have been futile. See, e.g., United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir.2011), (citing Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Education, 616 F.3d 963, 972 (9th Cir.2010)), cert. denied, — U.S. -, 131 S.Ct. 1678, 179 L.Ed.2d 615 (2011).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.